# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1611V
UNPUBLISHED

| | |
|---|---|
| MEAGAN MULCAHY,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 28, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C. New York, NY, for Petitioner.

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On October 15, 2019, Meagan Mulcahy filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS"), a defined Table injury, after receiving the influenza vaccine on October 25, 2016. Petition at 1-2, ¶¶ 7, 35, 39. In the alternative, Petitioner maintains that her GBS was caused by the flu vaccine she received or that the vaccine significantly aggravated a previous condition. *Id.* at 2, ¶¶ 36-37, 39-41. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 8, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her GBS. On October 28, 2022, Respondent filed a proffer on award of

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioner should be awarded $83,985.37, representing compensation in the amounts of $80,700.00 for her pain and suffering and $3,285.37 for her past unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>83,985.37</u>, representing compensation in the amounts of $80,700.00 for her pain and suffering and $3,285.37 for her actual unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                      **s/Brian H. Corcoran**
                                                      Brian H. Corcoran
                                                      Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MEAGAN MULCAHY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-1611V **(ECF)** |
| v. ) | Chief Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 15, 2019, Meagan Mulcahy ("petitioner") filed a petition (ECF No. 1) for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), alleging that she developed Guillain-Barré syndrome ("GBS"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine that she received on October 25, 2016. ECF No. 1 at 1. On March 8, 2022, the Secretary of Health and Human Services ("respondent") filed an amended Rule 4(c) report (ECF No. 65) indicating that this case is appropriate for compensation under the terms of the Vaccine Act for a GBS Table injury, and on March 8, 2022, the Chief Special Master issued a Ruling on Entitlement (ECF No. 66) finding that petitioner was entitled to compensation.

I. **Items of Compensation**

    A. Pain and Suffering

Respondent proffers that petitioner should be awarded $80,700.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses pertaining to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,285.37. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1] a lump sum payment of $83,985.37, in the form of a check payable to petitioner.

III. **Summary of Recommended Payment Following Judgment**

Lump sum payable to petitioner, Meagan Mulcahy: **$83,985.37**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

*/s/ Benjamin P. Warder*
BENJAMIN P. WARDER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Telephone: (202) 532-5464
Email: Benjamin.P.Warder@usdoj.gov

DATE: October 28, 2022